IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

MICHAEL R. LANDI, JR., and )
INGRID O. LANDI, )
3623 Singleton Terrace, )
Frederick, Frederick County, MD  21704-7839, )
 )
      Plaintiffs, )
 )
v. ) JURY TRIAL REQUESTED
 ) Civil Action No. _____
AMERICAN HOME MORTGAGE )
SERVICING, INC., )
351 West Camden Street, )
Baltimore, Baltimore City, MD  21201 )
(Resident Agent:  The Corporation )
Trust Incorporated); )
 )
ARLINGTON CAPITAL MORTGAGE )
6015 Walhonding Road, )
Bethesda, Montgomery Co.,MD  20816 )
(Resident Agent:  Corporation )
Guarantee Company), )
 )
      Defendants. )

## COMPLAINT

MICHAEL R. LANDI, JR. and his wife, INGRID O. LANDI, owners of the house at 3623 Singleton Terrace, Frederick, Maryland 21704-7839, plaintiffs, by their attorneys, bring this action against the defendants, named herein, and allege as follows:

### I.

### JURISDICTION AND VENUE

1

1. This complaint is filed and this action is instituted against the defendants under Sections 4 and 16 of the Act of Congress of October 15, 1914, as amended, 15 U.S.C. §§ 15, 26, commonly known as the Clayton Act, in order to restrain, and to provide compensation to the plaintiffs for the past and continuing violation by the defendants as hereinafter set forth in Section 1 of the Sherman Act (15 U.S.C. § 1), Section 2 of the Clayton Act (15 U.S.C. § 13); and pursuant to Section 12 of the Clayton Act (15 U.S.C. U.S.C. § 22).

2. The complaint is also filed under the Federal Truth in Lending Act, 15 U.S.C. § 1601 and 12 U.S.C. § 2602, and for breach of contract.

3. The defendants are found to transact business in the state of Maryland.

4. Section 1 of the Sherman Act of 1890 provides as follows:

> "Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal."

15 U.S.C. § 1

The Clayton Act of 1914 provided the following remedy for any violation of the Sherman Act:

> " … any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

5. The joint action of defendants to impose an anticompetitive mortgage on the plaintiffs which requires the payment by the plaintiffs of increased principal substantially above the $346,500 of principal provided to the plaintiffs by defendants for the purchase of the house in Frederick, Maryland up to $433,452 is anticompetitive and would impair the plaintiffs from ever purchasing a similar property, and is a conspiracy in restraint of trade or commerce in violation of Section 1 of the Sherman Act.

## II.

## THE PARTIES

6. The plaintiffs are citizens of the United States who purchased a home in Frederick, Maryland, in 2006, and are protected by the Federal Truth in Lending Act [TILA], 15 U.S.C. §§ 1601(a), the Federal Related Mortgage Loans under 12 U.S.C. §§ 2602, 2605(a) and (b), and the Federal Antitrust laws under the Sherman Act 15 U.S.C. § 1, and the Clayton Act 15 U.S.C. § 15, 26.

7. The Defendants are companies operating in Maryland and in the United States for the issuance of home mortgages and are subject to compliance with the above federal law.

## III.

## VIOLATIONS ALLEGED

### COUNT I

### VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT

8. Plaintiffs incorporate the allegations in paragraphs 1—7 above.

9. Defendants have imposed unreasonable restraints on the aforesaid market for providing mortgages for homes in Maryland and in the United States in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

10. Section 1 of the Sherman Act, 15 U.S.C. § 1 provides as follows:

> § 1. <u>Trusts, etc., in restraint of trade illegal; penalty</u>
>
> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal.

Both defendants, American Home Mortgage Servicing, Inc. and Arlington Capital Mortgage, agreed jointly to improperly increase the principal that they paid to the plaintiffs from $346,500.00 when the loan was established in September 2006, to $380,762.00 as of December 2008, and up to $395,990.00 as of December 2009. Their joint agreement will allow the principal to be increased up to $433,452.00, which is $86,952.00 more than what the defendants paid to the plaintiffs to acquire the house. This is a clear price fixing by the defendants which improperly impairs the ability of the plaintiffs to obtain any other similar real estate at a reasonable market price. The joint action of defendants, American Home Mortgage Servicing, Inc. and Arlington Capital Mortgage, was clearly a "contract combination . . . in restraint of trade or commerce" in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

## COUNT II

**VIOLATIONS BY DEFENDANTS OF OTHER FEDERAL LAWS,
15 U.S.C. §§ 1601(a) (TILA) and 12 U.S.C. § 2605(a) and § 2605(b).**

11. Plaintiffs incorporate the allegations in paragraphs 1—10 above.

12.     Federal law precludes the assignment of the plaintiffs' loan by Arlington Capital Mortgage to American Mortgage Servicing, Inc. because it was never revealed to the plaintiffs before they entered the loan.

Federal law provides as follows:

> "(a)    **<u>Disclosure to applicant relating to assignment, sale or transfer of loan servicing.</u>**
>
> Each person who makes a federally related mortgage loan <u>shall disclose to each person who applies for the loan at the time of application for the loan</u>, whether the servicing of the loan may be assigned, sold or transferred to any other person at any time while the loan is outstanding."

12 U.S.C. § 2605(a)(*emphasis added*).

Arlington Capital Mortgage never provided the Landi's with any notice before they agreed to the mortgage that it had been assigned to American Home Mortgage Servicing, Inc.

The first notice to them of the transfer was a letter dated October 6, 2006, from American Home Mortgage Servicing, Inc. (AHMSI) of Irving, Texas, advising the Landi's that the loan had been transferred to them and that the Landi's "first payment due to American home Mortgage Servicing, Inc. is for your 11/1/2006 payment." This conflicts with the express language of federal law 12 U.S.C. § 2605(a) quoted above.

13.     Also federal law requires that the transferor of the loan must give notice of the transfer at the time it was made:

> "(b)    **<u>Notice by transferor of loan servicing at time of transfer.</u>**
>
> (1)     **<u>Notice requirement.</u>**

> Each servicer of a federally related mortgage loan shall notify the borrower in writing of any assignment, sale or transfer of the servicing of the loan to another person."

12 U.S.C. § 2605(b)

This was never done by Arlington Capital Mortgage, a loan mortgage company, when the mortgage was made before it made the transfer to defendant American Home Mortgage Servicing, Inc.

14. The applicable interest rate was never identified or presented to the plaintiffs by the defendants.

The interest the plaintiffs are being charged each month since September 1, 2006, has never been identified as consistent with the terms of the mortgage. Section 4 of the mortgage states that the interest can change each month based on "the annual yields on actively traded United States Treasury Securities adjusted to the constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled, 'Selected Interest Rates (H.15)' and 'monthly yields'." In none of the data that the defendants have provided to the plaintiffs has there been set forth what this Federal Reserve rate is for the month. In many months it appears that the defendants have not been complying with this provision of the mortgage, and also claiming that they are charging the plaintiffs lower interest rates each month when they are adding to the capital owed under the loan by plaintiffs in excess of the amount provided to the plaintiffs to acquire the property. In many instances the defendants have charged interest in excess of the federal interest rate described in the loan.

## COUNT III

### DEFENDANTS DELIBERATELY BREACHED THEIR CONTRACT WITH PLAINTIFFS BY FALSELY CLAIMING PLAINTIFFS HAD NOT MADE PAYMENTS THEREUNDER TO DAMAGE THEIR CREDIT STANDING

Defendant American Home Mortgage Servicing, Inc. wrote to Michael and Ingrid Landi on October 21, 2009, contending that:

> "Your mortgage payment is now more than 20 days delinquent. Should the loan become 31 days delinquent, in accordance with applicable state and federal law, a Notice of Intent to foreclose may be issued. Additionally, since your credit rating is based on the promptness of your payments, we are required by law to inform you that we may report information about your account to the credit bureaus."

It appears that the defendant did give such information to credit bureaus because Michael and Ingrid Landi have been advised since October, 2009, that their credit standing terminated, which has caused them substantial harm. This action by the defendant was clearly erroneous and therefore illegal and improper.

The facts are that Michael Landi and Ingrid O. Landi had paid the mortgage payment for October, 2009, twice on October 9, 2009 and October 16, 2009, as well as a third time on October 29, 2009. These payments were made by the Landi's PNC Bank electronically by wire. This was the method the amounts had been paid in previous months. On October 15, 2009, an official of defendant American Home Mortgage Servicing, Inc. confirmed that the October payments had been received by the defendant. This was well before American Home Mortgage Servicing, Inc. sent their letter of October 21, 2009. PNC Bank had advised that these payments were made for the Landi

mortgage but were returned by American Home Mortgage Servicing, Inc. to the PNC Bank without any justification or detailed explanation.

This conduct by American Home Mortgage Servicing, Inc. to falsely damage the Landi's credit standing was a breach of their contract rights. As such it was a violation of federal law. Congress has enacted the "Fair Debt Collection Practices Act," 15 U.S.C.A. § 1692, which provides as follows:

> **§ 1692.    Congressional Findings and Declaration of Purpose**
>
> **(a)    Abusive practices**
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.ABusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> **§ 1692f.    Unfair practices**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (6)    Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> **§ 1692g.    Validation of debts**
>
> **(a)    Notice of debt; contents**

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

The facts establish that the conduct of the defendants violates the provisions of this federal statute. 15 U.S.C.A. § 1692

## IV.

## **PRAYER**

WHEREFORE, plaintiffs pray

(a)     for a judgment that defendants have restrained trade and commerce in violation of Section 1 of the Sherman Act by a combination in the form of a trust or conspiracy by engaging in unlawful price-fixing in violation of Section 1 of the Sherman Act (15 U.S.C. § 1) to increase the

amount owed by plaintiffs substantially above the amount provided plaintiffs for their mortgage and for improper interest rates;

(b) for a judgment that the defendants have violated other federal laws, 15 U.S.C. § 1601(a), § 1601(b) and 12 U.S.C. § 2605, and 15 U.S.C.A. § 1692, to protect consumers from improper home loans;

(c) for an order described in Section 4 of the Clayton Act (15 U.S.C. § 15) awarding plaintiffs three-fold the monetary relief in damages sustained by them as a result of defendants' violations of Section 1 of the Sherman Act (15 U.S.C. § 1);

(d) for an order permanently enjoining the defendants, their officers, agents, employees, successors, and all persons in active concern or participation with them, from engaging in, carrying out, or renewing any contracts, agreements, policies, practices, or understandings or claiming any rights thereunder having the purpose or effect of continuing, servicing, or receiving the aforesaid violations of the Sherman Act, or any contract, agreement, policy, practice, or understanding having like or similar purpose or effect, in accordance with Section 16 of the Clayton Act (15 U.S.C. § 26).

(e) that the plaintiffs recover from the defendants the cost of their suit, and a reasonable attorney's fee; and

  (f) that the plaintiffs recover from the defendants for their violation of other Federal Laws in Count II and for breach of contract in Count III, damages in the amount of one million dollars ($1,000,000.00);

  (g) that plaintiffs have such other and further relief as the Court may deem just and proper.

## V.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury in this action.

          Respectfully submitted,

          By: *Charles F. Wheatley, Jr.*
          Charles F. Wheatley, Jr.  MD Bar #03595
          WHEATLEY & RANQUIST, P.A.
          34 Defense Street
          Annapolis, MD 21401
          Telephone:  (410) 266-7524
          Facsimile:  (301) 261-8699
          E-mail:  wheatlaw@aol.com